■ CARMEN MANZO, Respondent, v NELSON ACEVEDO, Defendant, and THE GUIDANCE CENTER OF WESTCHESTER, INC., et al., Appellants. [41 NYS3d 888]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 6, 2015, which denied the motion of defendants the Guidance Center of Westchester, Inc., the Guidance Center of New Rochelle, Inc., and the Guidance Center Inc. (collectively, GC) to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.

GC's argument that Bronx County is an improper venue as its placement in that county is tenuous in view of evidence that its employee, defendant Acevedo, was in a rehabilitation facility in Montrose, New York when the pleadings were served upon his mother at her Bronx County residence, is unavailing given the documentation that Acevedo's stay at the rehabilitation facility was temporary and that he resided with his mother in Bronx County (*see Farrington v Fordham Assoc., LLC*, 129 AD3d 591, 592 [1st Dept 2015]). Nor has GC sufficiently shown that a change of venue was warranted for "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]). Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.